# IN THE UNITED STATES DISRICT COURT
## FOR THE SOUTHERN DISTRICT OF GEORGIA
### SAVANNAH DIVISION

IRYNA KARMAZINA,                              )
                                              )
TETYANA CHELYSHKOVA,                          )         CIVIL ACTION # CV-408-180
                                              )
VOLODYMYR CHELYSHKOV[1],                       )
                                              )
Plaintiffs,                                   )
                                              )
V.                                            )
STATESBORO POLICE DEPARTMENT                  )
                                              )
BRTLEY, TERRY L.,                             )
                                              )
GAWTHROP, JUSTIN.                             )
                                              )
Defendants.                                   )

**AMENDED COMPLAINT**

1.

Come now IRYNA KARMAZINA, TETYANA CHELYSHKOVA and VOLODYMYR CHELYSHKOV pro Se, and state to this Honorable Court their Complaint. Plaintiffs IRYNA KARMAZINA, TETYANA CHELYSHKOVA and VOLODYMYR CHELYSHKOV, are permanent residents of the United and citizens of Ukraine. Plaintiffs IRYNA KARMAZINA and TETYANA CHELYSHKOV are citizens of Georgia; they reside at 1444 Harvard Rd. Apt. B, Atlanta, GA 30306. Plaintiff VOLODYMYR CHELYSHKOV currently resides at 121 Allen Ave. Jackson, TN 38301.

2.

Defendant TERRY L. BRILEY was at all time during this period a detective of the Police Department of City of Statesboro, of Bulloch County, Georgia. The work address of the Defendant is 25 West Grady Street, Statesboro, GA 30459.

Defendant JUSTIN GAWTHROP was at all time during this period a policeman of the Police Department of City of Statesboro, of Bulloch County, Georgia. The work address of the Defendant is 25 West Grady Street, Statesboro, GA 30459.

3. Defendant: STATESBORO POLICE DEPARTMENT, 25 West Grady St., Statesboro, GA 30459.

---

[1] Underlined on this page is added on 04/23/09. Plaintiff VOLODYMIR CHELYSHKOV is a party of the case since September 12, 2008, but it happened that his name was not printed on the title of the amended complaint. Plaintiffs bring apology to the Defendants and honorable Court for the inconvenience related to their style in this case. Plaintiffs try to do the best acting *pro se*.

## IN THE UNITED STATES DISRICT COURT
## FOR THE SOUTHERN DISTRICT OF GEORGIA
### SAVANNAH DIVISION

IRYNA KARMAZINA,                     )

TETYANA CHELYSHKOVA.                 )
                                     )
Plaintiffs,                          )            CTVTL ACTION #  C V 408_180
                                     )
V.                                   )
*Statesboro Police Departmen*        )
BRILEY, TERRY L.,                    )
                                     )
GAWTHROP, JUSTIN.                    )
                                     )
Defendants.                          )
                                     )

### AMENDED    COMPLAINT

1.

Comes now IRYNA KARMAZINA and TETYANA CHELYSHKOVA

Pro Se and state to this Honorable Court their Complaint.

Plaintiffs, IRYNA KARMAZINA, TETYANA CHELYSHKOVA , are permanent residents of

the United States and citizens of Ukraine. Plaintiffs IRYNA KARMAZINA and TETYANA

CHELYSHKOV are citizens of Georgia; they reside at 1444 Harvard Rd. Apt. B, Atlanta, GA

30306.

2.

Defendant TERRY L. BRILEY was at all time during this period a detective of the Police

Department of City of Statesboro, of Bulloch County, Georgia. The work address of the

defendant is- 25 West Grady Street, Statesboro, GA *30459*

Defendant JUSTIN GAWTHROP was at all time during this period a policeman of the

Police Department of City of Statesboro, of Bulloch County, Georgia. The work address of the

defendant is - 25 West Grady Street, Statesboro, GA *30459*.

3. Defendant : Statesboro Police Department.
   25 West Grady Street, Statesboro, GA 30459

4.

This action is brought pursuant to Official Misconduct (18U.S.C.Section 241,242,245)

Violation of Title VI of the Civil Rights Act of 1964, 42 U.S.C.

2000d to 2000d-4.( Discrimination against Limited English Proficiency person on the ground of

National Origin).

Jurisdiction of this Court is proper pursuant to Official Misconduct (18 USC Section

241 ,242,245),and Title VI of the Civil Rights Act of 1964, 42 U.S.C.

2000d to 2000d-4.violation (Discrimination against Limited English Proficiency person on the

ground of National Origin).

The action of the Defendants as alleged to have occurred in this Complaint occurred in

the District Division of this Honorable Court.

**COUNT ONE**

IRYNA KARMAZINA , and TETYANA CHELYSHKOVA have

been living in the United States since 12/25/2001. To the date given below, TETYANA

CHELYSHKOVA and IRYNA KARMAZINA

studied English for three months in the Metropolitan College at the University of New Orleans,

where they were qualified as beginners after the placement test. To the date given below, both

IRYNA KARMAZINA and TETYANA CHELYSHKOVA had an interruption in English study

for9.5 months. IRYNA was a housewife and TETYANA studied piano performance at home to

enter a school. Finally she was qualified for scholarship at Georgia Southern University.

On September 12, 2003, at time close to noon, VOLODYMIR CHELYSHKOV, IRYNA's

husband was at work at Georgia Southern University, IRYNA and TETYANA (18 years old at

that moment) were at home, when a minor accident happened.

A very small hand trauma was the result of the accident, but TETYANA decided that she has

to be advised by a doctor immediately. At that time, TETYANA was very careful about

everything that was related to piano performance, and IRYNA chose to make

sure that everything is okay. IRYNA did not drive, so she asked VOLODYMIR to call

ambulance.

He did not know the telephone number needed, but he was sure that 911 could give him

that number. During the call, 911 operator did not ask him whether VOLODYMIR needs police,

and VOLODYMIR did not invite police to his house. He was promised by 911 operator that

ambulance will arrive soon. Surprisingly, police arrived to his house also. City of Statesboro

Police Department was represented by detective, Mr. BRILEY TERRY L. and policeman,

 Mr. JUSTN GAWTHROP.

Being foreigners, IRYNA KARMAZINA and TETYANA CHELYSHKOVA considered that

cooperation with police is their obligation. VOLODYMIR answered questions asked to him by

the physician and detective by telephone, because IRYNA and TETYANA did no know English

at that time. It was explained to the police that a) they were not called, b) what was going on is

an accident; c) nobody needs police help, and d) IRYNA and TETYANA are interested only in

transportation to a hospital. Police declared to Volodymir that everything is understood.

After police hanged up the phone ,after speaking with VOLODYMIR , the detective and the

police officer started to questioning IRYNA and TETYANA. IRYNA and TETYANA requested

an interpreter , but police officer and the detective denied their right to have one. Police officer

and the detective stated that they need to write a report ( as was understood by Limited English

 Proficiency individuals IRYNA and TETYANA ), and forced IRYNA and TETEYANA to

 explain haw the accident happened by using gesticulations and some English words. TETYANA

and IRYNA stated that the trauma is a result of an accident . Police Detective and the officer

declared that they have understood that haw the accident happened .After listening to IRYNA's

and Tatyana's explanation of an accident , police detective and the officer stated that IRYNA's

English knowledge is sufficient and demanded her to sign the statement that she speaks , writes

and understand English .The police officer and the detective stated that the report just explains

the accident( as was understood by LEP individuals TETYANA and IRYNA).

The police detective asked IRYNA to sign his description of the accident and the

statement that she speaks, understands and writes in English.

. Although IRYNA gave the evidence to the police that she does not speak, understand and write

in English and she and TETYANA needs an interpreter , she signed the report relying on police

statement that they have understood accident explanation. After signing the report , IRYNA was

arrested on aggravated assault charges. IRYNA still is not sure at what time exactly she was

arrested on September 12, 2003 .IRYNA did not understood the Miranda warning or the fact

that she is under arrest. TETYANA went to the hospital in the emergency car and IRYNA ,

unaware of the fact that she is under arrest , went in the police car to the hospital. In order to

collect TETYANA's signature as well , police detective asked TETYANA in the hospital to sign

the report . Having a hand trauma , TETYANA stated that she cannot sign the paper. After that

the detective asked TETYANA to sign the report with her left hand. TETYANA stated that she

cannot sign the report because she cannot read or understand it and that she needs an interpreter.

At that time she could not understand why the detective is so desperate to obtain her signature ,

before she could read the report. It shall be taken into consideration that quote :

" On August 11, 2000, President Clinton signed Executive Order 13166 entitled "Improving

Access to Service for Persons with Limited English Proficiency." The purpose of the Executive

Order is to eliminate, to the maximum extent possible, limited English proficiency (LEP) as an artificial barrier to full and meaningful participation by beneficiaries in all federally assisted and federally conducted programs and activities. Pursuant to the order, all agencies must prepare a plan identifying the steps the agency will take to ensure meaningful access by LEP individuals to their federally conducted programs or activities."

Police Detective did not addressed language barriers and violated IRYNA'S and TETYANA's rights as an Limited English Proficiency individual by not providing them with an interpreter when they requested it. Detective and the police officer also committed conspiracy under color of law against IRYANA'S and TETYANA's rights when filling a false police report.

Even now, almost five years later, IRYNA has absolute difficulties with understanding English. After the detective arrested IRYNA and took her into custody, IRYNA were a subject to illegal actions of police: illegal arrest, illegal search, illegal seizure, illegal interrogation ,and all subsequent investigation. The same day TETYANA granted in the Statesboro Jail that IRYNA did not assault her. VOLODYMIR secured IRYNA's release, and she was allowed to leave the jail on bond . The next day VOLODYMIR translated in English IRYNA's and TETYANA's statement about the accident and sent written statement to the detective (letter attached). Despite of that statement the detective described the accident differently and passed the report to the District Attorney , Richard A. Mallard .

Also , TETYANA and Volodymir wrote a letter to the District Attorney, Mr. Richard A Mallard , that the trauma is a result of an accident and that there was no crime committed by IRYNA( letter attached).

But the letter was not answered .It is shocking that at all times from the moment police arrived to the house, TETYANA stated that the trauma is a result of an accident , but ignoring

TETYANA's numerous statements ,her mother was falsely arrested ,indicted ,and prosecuted on

aggravated assault criminal charges . Jury of the Superior Court of Bullock County also took

place without an interpreter, despite that IRYNA and TETYANA have invited Dr. GREGORY

DMITRIEV, a professor of Georgia Southern University, to the court as an interpreter. Despite

VOLODYMIR 's reminder to the  District Attorney that there is an interpreter present in the

court and waiting to interpret TETYANA's statement , Mr. Richard A. Mallard  chose to invite

to Grand Jury only TEYANA ,who is Limited English Proficiency individual.

When TETYANA asked for an interpreter in the Gran Jury, she was denied the right to have one

and she was told by Richard A. Mallard ( as TETYANA understood without an interpreter) that

her English knowledge is sufficient to make a statement and she does not need an interpreter

(although The Honorable Supreme Court of Atlanta passed an order in October 10 ,2001 for "

USE OF INTERPRETER FOR NON-ENGLISH SPEACKING PERSONS" that states that  in

Criminal Cases 2.3

"The Court shall provide an Interpreter to any non-English speaking person whenever the non-

English speaking person is a party, or has been subpoenaed  or has otherwise been compelled to

appear in a Court proceeding."

The Jury decision was made on the basis of

a)  A false police report;

b)  The detective speech that we have not heard neither in Russian nor in English;

c)  TETYANA CHELYSHKOVA's explanation of an accident that she was forced to make

in English, without an interpreter ,been Limited English Proficiency individual, together

with her statement that she is not a victim of a crime and the trauma is a result of an accident.

The police report that was signed by the Defendant TERRY L. BRTLEY and the

Defendant JUSTIN GAWTHROP clearly gives wrong impression, that IRYNA gave evidence

in favor of an assault. Neither IRYNA nor members of her family tried to explain the accident in

this way. Nobody, except IRYNA and TETYANA, was presented at home at the time of

accident. Only one more witness, but not eyewitness, who spoke with police by

telephone, was VOLODYMIR , IRYNA's husband

## COUNT TWO

IRYNA's case was dead docketed. VLADIMIR CHELYSHKOV, was forced to hire

attorneys, to translate and write explanations, IRYNA was required by the Court to

provide an expertise by a psychologist, as well as a confirmation for counseling.

Up to date VOLODYM1R and TETYANA pay living expensed for IRYNA , because she

cannot find a job having the arrest record and other damages. TETYANA is no longer a student,

because family's financial resources exhausted. To protect IRYNA , money, time and human

 power of all their family have been spent.

The family, and specially IRYNA KARMAZINA, suffered public humiliation,

emotional stress and damages. About five years passed, but IRYNA has not recovered

from that. In IRYNA and TETYANA opinion the family is entitled to recover.

## COUNT THREE

By ignoring witness's statements, plaintiff's IRYNA unlawful arrest ,

 false police report, and misleading Grand Jury on the bases of the

report, Plaintiffs IRYNA KARMAZINA's and TETYANA CHELYSHKOVA's civil rights were

discriminated. It is completely inconsistent with the protective rights granted by the Constitution

 of the State of Georgia and the United States.

## WHEREFORE,

*a₁) An acknowledgment of Statesboro Police Department discriminative actions of Detective T. Briley and Police officer Justin Gawthrop; the letter of an apology from the Chief of Statesboro Police Department*

a)  Plaintiffs pray for acknowledgement of illegal police action under color of law of

    employees of Statesboro's Police Department, officer Justin Gawthrop and Detective

    Terry Briley and the acknowledgement that IRYNA KARMAZINA, and TETYANA

    CHELYSHKOVA, and VOLODYMIR CHELYSHKOV (underlined is added on 04/23/09)

    are victims of conspiracy and discrimination of rights.

b)  a speedy and just hearing on this complaint,

c)  a compensation for damages and attorney's fees in the amount of $50,000.


This day of 11 September of 2008
Respectfully submitted,

*Karmazina*

Plaintiff IRYNA KARMAZINA, pro se
1444 Harvard Rd., Apt. B, Atlanta, GA 30306


*Celyshkova*

Plaintiff TETYANA CHELYSHKOVA, pro se
1444 Harvard Rd., Apt. B, Atlanta, GA 30306


*Chelyshkov*

Plaintiff VOLODYMYR CHELYSHKOV, pro se
121 Allen Ave., Jackson, TN 38301

FILED
U.S. DISTRICT COURT
SAVANNAH DIV.

2009 MAR 20  AM 11: 20

CLERK _____
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

IRYNA KARMAZINA, TETYANA          )
CHELYSHKOVA, and VOLODYMIR        )
CHELYSHKOV                        )
                                  )
                Plaintiffs,       )          CIVIL ACTION NO. ~~CV408-180~~
                                  )                    CV609-11
vs.                               )
                                  )
STATESBORO POLICE DEPARTMENT,     )
DETECTIVE TERRY BRILEY and        )
OFFICER JUSTING GAWTHROP,         )
                                  )
                Defendants.       )

### PLANTIFFS' MOTION TO SUSTAIN THE CASE

NOW COME Plaintiffs Iryna Karmazina, Tetyana Chelyshkova and Volodymyr
Chelyshkov (collectively "Plaintiffs") and file this motion in support of their Amended
Complain in response to DEFENDANTS' RULE 12(b)(6) MOTION TO DISMISS (the
Motion to Dismiss) filed by Defendants Statesboro Police Department, Detective Terry
Briely and Officer Justin Gawthrop on 26th day of January, 2009.

### ARGUMENT AND CITATION THE AUTORITY

#### COUNT I

In the Motion to Dismiss, page 5, Defendants state that "Additionally, Plaintiffs point to
no other statute or legal basis for their claims." Plaintiffs believe that the Equal Protection
Clause of the United States Constitution was violated. Since statute Title VI of the Civil
Rights Act of 1964, 42 U.S.C. § 2000d is related to the Clause, Plaintiffs wish to add this
legal basis to their Amended Complaint.

#### COUNT II

In the Motion to Dismiss, page 6, Defendants state that "Plaintiffs may not recover under
18 U.S.C. Section 241, 242, 245", because "these code sections are not enforceable in a
civil action".

The United Nations has held that

Conspiracies to deny human rights and fundamental freedoms, apart from being punishable by criminal sanctions, may be redressed by civil suits for damages under 42 U.S.C. 1985. (Report of the Secretary-General on the right to restitution, compensation and rehabilitation for victims of grave violations of human rights and fundamental freedoms (E/CN.4/1996/29/Add.2)

Since 18 U.S.C. section 241 overlaps with U.S.C. Title 42, Chapter 21, Subchapter I, § 1985, (3) Plaintiffs wish to add this code to their Amended Complaint.

## COUNT III

In the Motion to Dismiss, page 7, Defendants state that "Plaintiffs claim against "Statesboro Police Department" should be dismissed because the Statesboro Police Department is not considered a legal entity subject to suit."

Below (see ARGUMENT FOR AMENDED COMPLAINT), Plaintiffs demonstrate that Detective Terry Briley and Officer Justin Gawthrop failed to fulfill their duties as follows

- anyone who is arrested shall be informed, at the time of arrest, of the reasons for his or her arrest
- where it is necessary, an interpreter shall be provided during interrogation

(OFFICE OF THE UNITED NATIONS HIGH COMMISSIONER FOR HUMAN RIGHTS, Professional Training Series No. 5/Add.3, Human Rights Standards and Practice for the Police, *Expanded Pocket Book on Human Rights for the Police* UNITED NATIONS New York and Geneva, 2004). Fulfillment of aforementioned human rights standards looks quite reasonable in the case of arrest of Plaintiff Iryna Karmazina back in 2003.

Since the Statesboro Police Department is responsible for qualification of its workforce, Plaintiffs pray that their claims against "Statesboro Police Department" will not be dismissed pursuant to 18, U.S.C. §§ 241, 242, 245, and 42 U.S.C. Chapter 21, Subchapter I, § 1985, as well as Violation of Equal Protection Clause of the United States Constitution.

In the Defendants' Motion to Dismiss there is no any statement that the Statesboro Police Department does <u>not</u> get federal funds. This indicates the department may get funds. Plaintiffs pray that their claims against "Statesboro Police Department" will not be dismissed pursuant to Title VI of the Civil Rights Act of 1964, 42 U.S.C. § 2000d. ("As a condition of receiving federal money, police departments and other recipients of federal financial assistance must comply with certain legal obligations, such as adherence to Title VI of the Civil Rights Act of 1964 and its implementing regulations." *The Police Chief,* vol. 73, no. 4, April 2006.)

2

## AMENDMENT

In ¶ 3 of the Amended Complaint the text

"This action is brought pursuant to Official Misconduct (18 U.S.C. Section 241, 242, 245) and Violation of Title VI of the Civil Rights Act of 1964, 42 U.S.C. 2000d to 2000d-4 (Discrimination against limited English proficiency person on the ground of national origin).

Jurisdiction of this Court is proper pursuant to Official Misconduct (18 USC Section 241, 242, 245), and Title VI of the Civil Rights Act of 1964, 42 U.S.C. 2000d to 2000d-4 (Discrimination against Limited English Proficiency person on the ground of National Origin)."

is extended as

This action is brought pursuant to Official Misconduct (18 U.S.C. §§ 241, 242, 245, and 42 U.S.C. Chapter 21, Subchapter I, § 1985) and Violation of Equal Protection Clause of the United States Constitution, as well as Title VI of the Civil Rights Act of 1964, 42 U.S.C. § 2000d (Discrimination against Limited English Proficiency person on the basis of national origin).

Jurisdiction of this Court is proper pursuant to Official Misconduct (18 U.S.C. §§ 241, 242, 245, and 42 U.S.C. Chapter 21, Subchapter I, § 1985) and Violation of Equal Protection Clause of the United States Constitution, as well as Title VI of the Civil Rights Act of 1964, 42 U.S.C. § 2000d.

## ARGUMENT FOR AMENDED COMPLAINT

### COUNT IV

The Plaintiffs discuss the events that are described in the Amended Complaint. First, Plaintiffs discuss STATESBORO POLICE DEPARTMENT INVESTIGATIVE SUMMARY (the Summary), which copy is included in this case.

It should be mentioned that, since the language barrier, Defendants Mr. Briley and Mr. Gawthrop failed to inform Plaintiff Iryna Karmazina, at the time of arrest, of the reasons for her arrest. The Defendants had no possibility to give information to the Plaintiffs or to receive it from them, because the Defendants suggested communicating by gestures for the purpose of overcoming the language barrier. This defendants' requirement was illegal. Any information that the Defendants used as obtained from the Plaintiffs for description of what happened is illegal.

### COUNT V

Procedure of arrest and detention of foreign nation individual needs an interpreter. Title VI Law and its regulation provide to a non-English speaking person the right to use

an interpreter. The Uniform Rule for Interpreter Programs of the Supreme Court of Georgia (January 13 2003) provides full understanding of the rules of the criminal procedure for foreigners. One of the rules states that an individual has to fill in a written document if he or she refuses on an official interpreter, or wants to bring an interpreter of his choice. The Defendants suggested signing such a document to Plaintiffs Iryna Karmazina and Tetyana Chelyshkova. Defendants insisted that the document has to be sighed. Since the Plaintiffs stated that they do not know English, the Defendants had no right to do this. Iryna Karmazina and Tetyana Chelyshkova are eyewitnesses and Volodymyr Chelyshkov is a hear witness of such an unlawful action of the Defendants. The Defendants ignored the possibility to work with an interpreter through 911 services. Also, they have not informed the Embassy of Ukraine about Iryna Karmazina's arrest.

## COUNT VI

Seeking to be understood in English, Plaintiffs wrote explanations of what happened to Defendant Terry L Briley using translation by Plaintiff V. Chelyshkov, but he did not respond. The Defendants did not allow to the Plaintiffs participating in the due process, because it would be an obstacle for charging Iryna Karmazina.

## COUNT VI

Criminal case takes place if a victim exists. The Defendants ignore this in the Summary considering Plaintiff Tetyana Chelyshkova as a victim despite of her protest. Also, the Defendants photograph Plaintiff Tetyna Chelyshkova despite of her protest. The Defendants demonstrate the photograph to the Grand Jury and recognized the Plaintiff Tetyna Chelyshkova as a victim despite of her protest. Plaintiffs Iryna Karmazina and Tatyana Chelyshkova are the only eyewitnesses of the accident. Statement of a supposed victim that she is not a victim is an alibi.

## STATEMENT OF THE CLAIM

This claim is pursuant to police official misconduct, violation of Equal Protection Clause of the United States Constitution, and discrimination against Limited English Proficiency person on the basis of national origin.

The Defendants committed conspiracy under color of law by means of collecting information selectively; interpreting voluntarily gestures of another Plaintiff who barely spoke and understood English; witnessing falsely that one of the Plaintiffs read and understood a police form given to sign, provoking another Plaintiff to sign a false statement, and refusing to recognize written description of the accident by the witnesses.

Actually, the Defendants removed real witnesses and substituted themselves instead of them.

This 19th day of March 2008

Respectfully submitted,

Plaintiff IRYNA KARMAZINA, pro se
1444 Harvard Rd., Apt. B, Atlanta, GA 30306

Plaintiff TETYANA CHELYSHKOVA, pro se
1444 Harvard Rd., Apt. B, Atlanta, GA 30306

Plaintiff VOLODYMYR CHELYSHKOV, pro se
121 Allen Ave., Jackson, TN 38301

FILED
U.S. DISTRICT COURT
SAVANNAH DIV.

2009 APR 20  PM 2: 36

CLERK _____
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

IRYNA KARMAZINA, TETYANA            )
CHELYSHKOVA, and VOLODYMIR          )
CHELYSHKOV                          )
                                    )
            Plaintiffs,             )   CIVIL ACTION No. 6:2009cv00011
                                    )
vs.                                 )
                                    )
STATESBORO POLICE DEPARTMENT,       )
DETECTIVE TERRY BRILEY and          )
OFFICER JUSTING GAWTHROP,           )
                                    )
            Defendants.             )

**PLANTIFFS' REPLY BRIEF IN RESPONSE TO DEFENDANTS' REPLY BRIEF
IN RESPONSE TO PLAINTIFFS' MOTION TO SUSTAIN THE CASE**

NOW COME Plaintiffs Iryna Karmazina, Tetyana Chelyshkova and Volodymyr Chelyshkov (collectively "Plaintiffs") to file their Reply Brief in Response to Defendants Reply Brief in Response to Plaintiffs' Motion to Sustain the Case filed by Statesboro Police Department, Detective Terry Briely and Officer Justin Gawthrop on 2nd day of April, 2009 (Reply Brief filed on 04/02/09).

**ARGUMENT ON STATSBORO POLICE DEPARTMENT
INVESTIGATIVE SUMMARY**

Below, Plaintiffs discuss STATESBORO POLICE DEPARTMENT INVESTIGATIVE SUMMARY (the Summary), which copy is included in this case. The Summary is the result of violation of due process, which consisted of a) ignoring Plaintiff's claim that they are non-English speakers, b) what happed is an accident, c) ignoring Plaintiff Vladimir Chelyshkov telephone suggestion to better translate the questioning, d) suggestion to Plaintiffs Iryna Karmazina and Tatyana Chelyshkova (IK&TC) to use gestures in the questioning, e) Defendants' use of English description on Plaintiffs IK&TC's gestures during the questioning to make an impression of friendly understandable conversation between Plaintiffs IK&TC and Defendants, f) complete non-understanding of Defendants English by Plaintiffs IK&TC at that moment, g) Defendants claim that some English words that Plaintiffs IK&TC used during the questioning can be qualified that Plaintiffs IK&TC's English is good enough to sign the statement that Plaintiffs IK&TC "read, write, and understand English".

After the end of the questioning Plaintiff Irina Karmazina signed the papers three times, at home, in the hospital and in Statesboro Police Department, having no idea of what she is signing. Obviously, one of those papers was Miranda Warning. No more questions were asked and thus questioning before signing the Miranda Warning became the interrogation after signing the Warning.

## COUNT I

It is written in the Summary: "Iryna advised that she threw the scissors at Tatyana and…"
Comment: This is false statement. Iryna's very limited English did not allow her to correctly explain how the accident happened (see Count IV).

## COUNT II

It is written in the Summary: "Tatyana advised that she tripped and fell on the scissors."
Comment: This is false statement. Additionally, the Defendants pretend to expose Tatyana as a liar, understanding that such a description of the accident is an absurdity. At that moment of conversation, Tatyana was not sure about translation of the word accident; also she could not say "I tripped…", because she did not know proper translation of the word "trip". Actually, she said **"It was an accident… well, like shelf falls or …" and she showed by gestures that a person can trip and fall.** Thus, she just wanted to illustrate her understanding of the word accident. Clearly, Plaintiff Tatyana Chelyshkova, being a recent immigrant at that time, demonstrated her **disability** to speak English. Since the very first moment, Tatyana insisted (in English) **many times** that what happened was an accident, but this was permanently and ignored by the Defendants, and they did not include key Tatyana's statement into the Summary.

## COUNT III

It was written in the Summary that: "Iryna was read her Miranda Warnings from a form which she understood initiated and signed".
Comment: This is false statement. Iryna was very far from her ability to **read** and **understand** a police form in English. But she initiated and signed it mistakenly thinking that this is just her obligation.

## COUNT IV

It was written in the Summary that "Iryna grabbed the scissors and struck Tatyana in the right elbow."
Comment: This is false statement. Actually, Iryna did not "grab", "strike", or even "throw"; everything happened differently. The words "scissors", "throw", "grab", "strike" and others did not present in Iryna vocabulary at that time; the interrogation is based on gestures, which were intentionally interpreted as an aggravated assault.

## ARGUMENT ON POLICE ACTION

### COUNT V

Defendants were unfairly persistent in obtaining a signature of Plaintiff Tatyana Chelyshkova; also they made a photograph against her will.

### COUNT VI

It should be mentioned that, since the language barrier, Defendants Mr. Briley and Mr. Gawthrop failed to inform Plaintiff Iryna Karmazina, at the time of arrest, of the reasons for her arrest and detention.

### COUNT VII

Defendants made every effort to convince Plaintiff Karmazina that her English is good enough for the purpose of interrogation, and she must cooperate with police in the way they suggest. It contradicts to recommendations in *Model Law Enforcement Operations Manual* of Georgia Department of Community Affairs (DCA), 8-1 Taking Suspect into Custody, Arrest of Foreign Nationals:

   8. If the foreign national is unable to communicate in English, a supervisor will be contacted and every effort made to obtain a translator. Miranda warnings must be translated before a questioning can begin. The investigating officer will include the name, address, telephone number and relationship of the translator to the victim/witness in the Incident Report or Supplemental Report.

Also Defendants failed to fulfill their duty as follows:

   1. A foreign national who is arrested (taken into custody) will be informed that he or she has the right under a treaty to which the United States is a party, to have his or her country's embassy or nearest consulate notified of his or her arrest and detention. This should be done at the time of the arrest but no later than during booking at the jail.
      1. A notation should be made in the case file of the fact that the accused was advised of his or her rights under the Vienna Convention on Consular Relations and whether or not the accused requested that the embassy/consulate be contacted.
      2. If the foreign national asks that their embassy or consulate be notified, it is the agency's responsibility to contact the consulate or embassy. Unless the accused is a national from the countries ..., do not notify the embassy/consulate unless the accused requests they be notified.

## COUNT VIII

Seeking to be understood in English, Plaintiffs wrote explanations of what happened to Defendant Terry L Briley, but he did not respond.

### ARGUMENT ON RREPLY BRIEF FILED ON 04/02/09

**I.** In Reply Brief filed on 04/02/09, at the beginning of section I, Defendants state that "…Plaintiffs apparently attempt to amend their Amended Complaint to include a claim of violation of the Equal Protection Clause of the United States Constitution." Following their arguments described on page 2, the Defendants claim that

1. "… Plaintiffs did not allege any state action on the part of Defendants which would invoke the equal protection clause."

   <u>Comment:</u> Those actions are: interrogation, detention, arrest, Statesboro Police Department Investigative Summary, and representation of the case before the Grand Jury.

2. "… Plaintiffs did not specifically identify a similarly situated group of persons that were given better treatment then them."

   <u>Comment:</u> This group of persons is recent immigrants from the countries were English is the state language, or detainees that were promptly provided with an interpreter.

3. "Plaintiffs have failed to allege that Defendants were acting for the specific purpose of discriminating against them."

   <u>Comment:</u> Help of an interpreter was critical for Plaintiffs, and it was Defendants' responsibility to provide them with one. However, Defendants made no attempts to follow law enforcement operations rules. Thus, the Defendants were able to fabricate criminalized investigative summary.

**II.** In Reply Brief filed on 04/02/09, Defendants

1. insist that "…§ 1985 does not apply to protect individuals who allege discrimination based on national origin alone" and therefore Defendants claim that Plaintiffs' "Amended Complaint should be dismissed." (page 3)

<u>Comment:</u> Plaintiffs are permanent residents of the US and citizens of Ukraine. Conspiracy was committed to recent immigrants, a group of people of national Ukrainian origin, which are different from a group of immigrants from Great Britain, Canada, or any other country where English is a state language. In this context,

conspiracy is of **class-based** grounds. The class that can be affected represents recent immigrants that are unable to communicate in English, because of their national origin. Thus this case is under jurisdiction of 42 U.S.C. § 1985.

2. Defendants also cite that "[Plaintiff] must allege specific facts that the defendants reached an understanding or agreement to violate [Plaintiff's] constitutional rights." (page 4).

<u>Comment:</u> Summarizing Counts I – VIII Plaintiffs claim that Defendants committed conspiracy under color of law by means of: ignoring the eyewitness Plaintiff Tetyana Chelyshkova (18 years and 11 months)'s statement that what happened is an accident; giving false impression that Plaintiff Tetyana Chelyshkova is a liar; interpreting voluntarily gestures of another Plaintiff who barely spoke and understood English; witnessing falsely that one of the Plaintiffs read and understood a police form given to sign, suggestion to sigh the Miranda Warning after questioning, provoking another Plaintiff to sign a false statement, making a photograph without permission, and refusing to recognize written description of the accident by the witnesses.

**III.** In Reply Brief filed on 04/02/09, Defendants claim that

1. "Plaintiffs make what appears to be statement of law without citing of any authority…, for instance, that a"[c]riminal case take place if a victim exists" and "statement of a supposed victim that she is not a victim is an alibi".

2. <u>Comment:</u> Plaintiffs do not support those statements by citations, because they relate the statements to the due process that was violated, The components of violation are a) absence of victim; b) unlawful photo evidence; c) false Investigative Summary (Counts I – IV); d) blocking witnesses; e) fabrication of subject matter jurisdiction before the Grand Jury; d) blocking exculpatory evidence. Defendants could not prove probable cause for arrest, search and seizure and thus violated Plaintiffs' constitutional rights.

3. "…Because the "Statesboro Police Department" is a non-entity, Plaintiffs have failed to state a claim against the Statesboro Police Department upon which relief can be granted…" (page 5).

<u>Comment:</u> *In the Guidance to Federal Financial Assistance Recipients Regarding Title VI Prohibition Against National Origin Discrimination Affecting Limited English Proficient Persons* (AGENCY: Department of Justice, ACTION: Policy guidance document) under title *III. Who Is Covered?* one can read:

Department of Justice regulations, 28 CFR 42.104 (b) (2), require all recipients of Federal financial assistance from DOJ to provide meaningful access to LEP persons.

\4\ Federal financial assistance includes grants, training, use of equipment, donations of surplus property, and other assistance. Recipients of DOJ assistance include, for example: **Police and sheriffs' departments**, departments of corrections, jails, and

detention facilities, including those recipients that house detainees of the Immigration and Naturalization Service.

Plaintiffs pray that the Statesboro Police Department will not be excluded from the list of Defendants.

**IV.** In Reply Brief filed on 04/02/09 Defendants state that "police officers … arrested Plaintiff Iryna Karmazina in the field" (page 6) and thus "The Uniform Rule for Interpreter Programs of the Supreme Court of Georgia (January 13, 2003)" "… does not support a cause of action…" (page 5).

<u>Comment:</u> General DOJ approach is uniform. It works for courts, police departments, etc. See afore-mentioned citation in Count VII from *Model Law Enforcement Operations Manual*.

Respectfully submitted this April 23, 2009.

*Karmazina*
Plaintiff IRYNA KARMAZINA, pro se
1444 Harvard Rd., Apt. B, Atlanta, GA 30306


*Celyshkova*

Plaintiff TETYANA CHELYSHKOVA, pro se
1444 Harvard Rd., Apt. B, Atlanta, GA 30306


Plaintiff VOLODYMYR CHELYSHKOV, pro se
121 Allen Ave., Jackson, TN 38301

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | | |
|---|---|---|
| IRYNA KARMAZINA, TETYANA CHELYSHKOVA, and VOLODYMIR CHELYSHKOV | ) ) ) ) | |
| Plaintiffs, | ) ) | CIVIL ACTION NO. CV408-180 |
| vs. | ) ) | |
| STATESBORO POLICE DEPARTMENT, DETECTIVE TERRY BRILEY and OFFICER JUSTING GAWTHROP, | ) ) ) ) | |
| Defendants. | ) | |

## **CERTIFICATE OF SERVICE**

This is to certify that I have this day served copies of duplicates with Plaintiffs' signatures of equitable tolling, amended complaint, "motion to sustain the case", and Plaintiffs reply brief on Defendants' reply brief filed on 04/02/09 upon parties of record, by the US Mail with adequate postage affixed thereto as follows:

OLIVER MANER LLP
Attorney at Law
218 West State Street – Post Office Box 10186
Savannah, GA 31412

This 23$^{d}$ day of April, 2009

Volodymyr Chelyshkov

121 Allen Ave.
Jackson, TN 38301                         Plaintiff

IN THE UNITED STATES DISTRICT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION                                    2009 SEP 10   AM 10: 10

IRYNA KARMAZINA                        )
TETYANA CHELYSHKOVA                    )
VOLODYMIR CHELYSHKOV                   )
                                       )
                                       )
        Plaintiffs ,                   )            Civil Case No.
                                       )
v.                                     )
BRILEY , TERRY.,                       )
GSWTHROP , JUSTIN                      )            CV408=180
                                       )
        Defendants                     )


## MOTION FOR EQUATABLE TOLLING
## OF THE STATUTE OF LIMITATION
## AND MEMORANDUM OF LAW IN SUPPORT

COMES NOW Plaintiffs IRYNA KARMAZINA, VOLODYMIR

CHELYSHKOV and TETYANA CHELYSHKOVA and hereby

respectfully moves this court pursuant  to applicable federal authority for

an order equitably tolling the five years statute of limitations period for

the filling of IRYNA KARMAZINA ,VOLODYMIRY CHELYSHKOV

AND TETYANA CHELYSHKOVA civil rights violation lawsuit for 18

U.S.C. Section 241.242.245 and the Title VI of the Civil Rights Act of

1964, 42 U.S.C.2000d to 2000d-4.For the reasons set below, IRYNA

KARMAZINA ,VOLODYMIR CHELYSHKOV and TETYANA

CHELYSHKOVA seeks tolling for the period of 8.5 months , making

their complaint which is due to be filled and the defendants indices

within five years limitation from Sep.12 ,2003,

In support of IRYNA KARMAZINA ,TETYANA CHELYSHKOVA

 and VOLODYMIR CHELYSHKOV is following:

On Sep.12 2003 IRYNA KARMAZINA was arrested on aggregative

assault charges .Been a victim of Police acting under color of law and

been in conspiracy against her civil rights, IRYNA had a five years

statute of limitation to file a complaint with the District Court of

Southern Georgia , Savannah Division. According to the U.S.C.S.

Section 3282,n 40 Unless suspended, statute of limitation runs against

 prosecution for conspiracy from the last overt act during existence of

conspiracy. Fiswick v United States (1946) 329 US 211,91 L ED 196, 67

S Ct 224;United States v Flynn(1951,DC NY)103 F SUPP 925.

The Police wrongdoing resulted in the indictment of IRYNA

KARMAZINA on the aggravated assault charges in Nov.3 2003.

The case, which was based on the police report only resulted in

7

number of hearings. The last hearing on the case took place on June 8, 2004, making it

the last overt of the conspiracy of the police.

In addition, Iryna Karmazina suffered heard medical condition as a result severe

psychological trauma for the past years, which made it life threatening to go back in

memory to the day of arrest (medical excuse from court appearance included). Been

LIMITED ENGLISH PROFICIENCY INDIVIDUAL it made it almost impossible for

IRYNA KARMAZINA to file a Complaint in the court in English language.

IRYNA KARMAZINA, VOLODYMYR CHELYSHKOV AND TETYANA

CHELYSHKOVA respectfully request that this Court issue an Order equitably tolling

statute of limitation period under USCU Section 3282 n 40, making 18 U.S.C. Section

241, 242, 245 and Title VI of the Civil Rights Act of 1964, 42 U.S.C. 2000d to 2000d-4

Complaint due to be filed on time.


Respectfully submitted

Plaintiff IRYNA KARMAZINA, pro se
1444 Harvard Rd., Apt. B, Atlanta, GA 30306



Plaintiff TETYANA CHELYSHKOVA, pro se
1444 Harvard Rd., Apt. B, Atlanta, GA 30306


Plaintiff VOLODYMYR CHELYSHKOV, pro se
121 Allen Ave., Jackson, TN 38301

1001    17.50
00006294-03

# EXPRESS MAIL
## UNITED STATES POSTAL SERVICE




## Flat Rate Mailing Envelope

**For Domestic and International Use**

**Visit us at usps.com**

When used internationally affix customs declarations (PS Form 2976, or 2976A).

EB 533713626 US

### EXPRESS MAIL
UNITED STATES POSTAL SERVICE®

**Mailing Label**
Label 11-B, March 2004

**Post Office To Addressee**

**DELIVERY (POSTAL USE ONLY)**

| Delivery Attempt | Time | | Employee Signature |
|---|---|---|---|
| Mo.       Day | | ☐ AM ☐ PM | |
| Delivery Attempt | Time | | Employee Signature |
| Mo.       Day | | ☐ AM ☐ PM | |
| Delivery Date | Time | | Employee Signature |
| Mo. 4 Day 24 | 11:59 | ☐ AM ☐ PM | |

**CUSTOMER USE ONLY**

PAYMENT BY ACCOUNT
Express Mail Corporate Acct. No.

Federal Agency Acct. No. or
Postal Service Acct. No.

☐ WAIVER OF SIGNATURE (Domestic Mail Only) Additional merchandise insurance is void if customer requests waiver of signature.
I wish delivery to be made without obtaining signature of addressee or addressee's agent (if delivery employee judges that article can be left in secure location) and I authorize that delivery employee's signature constitutes valid proof of delivery.

**NO DELIVERY**
☐ Weekend  ☐ Holiday   Mailer Signature

**ORIGIN (POSTAL SERVICE USE ONLY)**

| PO ZIP Code | Day of Delivery | Postage |
|---|---|---|
| 38301 | ☐ Next ☐ 2nd ☐ 2nd Del. Day | $ 17.50 |
| Date Accepted | Scheduled Date of Delivery | Return Receipt Fee |
| 4/23/09 | 4/24/09 | $ |
| Mo. Day Year | Scheduled Time of Delivery | COD Fee | Insurance Fee |
| Time Accepted | ☐ Noon ☐ 3 PM | $ | $ |
| 16:53 ☐ AM ☐ PM | Military | Total Postage & Fees |
| Flat Rate ☐ or Weight | ☐ 2nd Day ☐ 3rd Day | $ 17.50 |
| lbs.        ozs. | Int'l Alpha Country Code | Acceptance Emp. Initials |

**FROM:** (PLEASE PRINT) PHONE ( 404 863 9143

TN 38301
aelen ar 121
Cheleyshtov Vladimir

**TO:** (PLEASE PRINT)  PHONE (

Clerk's Office
Southern District of GA
125 Bull St Room 304
Savannah GA 31401

ZIP + 4 (U.S. ADDRESSES ONLY. DO NOT USE FOR FOREIGN POSTAL CODES.)

3 1 4 0 1 +

FOR INTERNATIONAL DESTINATIONS, WRITE COUNTRY NAME BELOW.

## FOR PICKUP OR TRACKING
Visit **www.usps.com**
Call **1-800-222-1811**



USPS packaging products have been awarded Cradle to Cradle Certification℠ for their ecologically-intelligent design. For more information go to mbdc.com/usps

Cradle to Cradle Certified™ is a certification mark of MBDC.

Please recycle.



EP13F