UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF GEORGIA

STATESBORO DIVISION

| | | |
|---|---|---|
| IRYNA KARMAZINA, TETYANA CHELYSHKOVA, and VOLODYMIR CHELYSHKOV,[1] | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No. CV609-011 |
| STATESBORO POLICE DEPARTMENT, DETECTIVE TERRY BRILEY, and OFFICER JUSTIN GAWTHROP, | ) ) ) ) ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, defendants move the Court to dismiss the complaint of three Ukranian pro se plaintiffs who have sued for the violation of their civil rights. (Doc.

---

[1] In their initial complaint, plaintiffs named Volodymyr Chelyshkov as a plaintiff. (Doc. 1.) He was removed in plaintiffs' first amended complaint (doc. 3), but again added to the caption in later pleadings. (Docs. 23, 28.) The Court presumes that his earlier removal was accidental and thus still considers him a plaintiff in this action.

13.) Plaintiffs oppose defendants' motion and move to amend their complaint. (Doc. 23.)

Plaintiffs allege that their civil rights were violated when Statesboro, Georgia police instituted criminal proceedings against plaintiff Iryna Karmazina for aggravated assault by using a pair of scissors to assault her daughter, Tetyana Chelyshkova. (Doc. 3.) Specifically, plaintiffs contend that the Statesboro Police Department ("SPD"), Detective Terry Briley, and Officer Justin Gawthrop discriminatorily prosecuted Karmazina based upon her national origin (Ukrainian) by taking statements from her without providing an interpreter.[2] (*Id.* at 2.) Defendants do not challenge Tetyana Chelyshkova's and Volodymir Chelyshkov's right to sue.

---

[2] In support of their claim, they attached Detective Briley's investigative summary, prepared on September 15, 2003:

> On 09/12/03 at approximately 1145am Bulloch County EMS responded to 213 East Main Street in reference to an unknown call. Central 911 also requested police to respond. This Detective and APO Justin Gawthrop responded. A copy of APO Gawthrop's Incident and Investigative Reports are a part of this file. In the residence was Ms. Iryna Karmazina and her 18 year old daughter Ms. Tatyana Chelyshkova. Tatyana was sitting in the living room with a pair of scissors stuck into her right elbow. Iryna advised that she threw the scissors at Tatyana and they stuck in Tatyana's elbow. Tatyana advised that she tripped and fell on the scissors. Tatyana was transported to East Georgia Regional Medical Center Emergency Room for treatment. Iryna also went to the

2

Plaintiffs initially relied upon 18 U.S.C. §§ 241, 242, 245, and Title VI of the Civil Rights Act of 1964. (Docs. 1 & 3.) In response to defendants' motion to dismiss, plaintiffs have sought leave to amend their complaint to add claims under 42 U.S.C. § 1985(3) and the Equal Protection Clause.[3] (Docs. 23 & 28.) For the reasons that follow, all of

---

emergency room with APO Gawthrop. At the emergency room Iryna was read her Miranda Warnings from a form which she understood, initialed and signed. A copy of the Miranda Form is a part of this file. Iryna stated that she and Tatyana were studying english together and became involved in a disagreement which increased into an argument. Iryna advised that she became upset and started to cry. When she was crying, Tatyana smiled and laughed at her which caused her to become hysterical. Iryna grabbed the scissors and struck Tatyana in the right elbow. Iryna advised that she was too upset to write a statement. Iryna was arrested and charged with aggravated assault, transported to the Bulloch County Jail pending bond and/or further court action.

(Doc. 1 at 9.)

[3] The time for amending as a matter of course has passed, so under Fed. R. Civ. P. 15(a)(2) plaintiffs may amend their pleading "only with the opposing party's written consent or with the court's leave." As the defendants do not consent to the addition of these claims and parties, leave of the court is required, and leave of the court should be given freely "when justice so requires." Fed. R. Civ. P. 15(a)(2). But leave is not automatic. Courts must consider several factors, including futility of amendment. *Foman v. Davis*, 371 U.S. 178, 182 (1962). "Leave to amend a complaint is futile when the complaint as amended would still be properly dismissed or be immediately subject to summary judgment for the defendant." *Cockrell v. Sparks*, 510 F.3d 1307, 1310 (11th Cir. 2007) (citing *Hall v. United Ins. Co. of Am.*, 367 F.3d 1255, 1263 (11th Cir. 2004)). Here, all of plaintiffs' claims (old and new) are subject to dismissal under Fed. R. Civ. P. 12(b)(6). Consequently, leave to amend is **DENIED**, but the Court will step through the 12(b)(6) analysis in the body of this Report and Recommendation.

the claims are without merit. Consequently, defendants' motion to dismiss should be **GRANTED** and this case should be **DISMISSED**.

At the outset, the Court notes that SPD is subject to dismissal because it is not considered to have an independent legal existence and is therefore not an entity subject to suit. *Lawal v. Fowler*, 196 F. App'x 765, 768 (11th Cir. 2006) (affirming dismissal of sheriff's department); *Dean v. Barber*, 951 F.2d 1210, 1214-15 (11th Cir. 1992).

As to their claims against the officers, plaintiffs initially relied upon 18 U.S.C. §§ 241, 242, and 245, which impose criminal penalties upon those who infringe a person's civil rights. (Docs. 1 & 2.) As noted by defendants, those statutes do not give rise to a private right of action. *See, e.g., Kelly v. Rockefeller*, 69 F. App'x 414, 415-16 (10th Cir. 2003) (no private right of action under §§ 241 or 245); *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980) (no private right of action under §§ 241 and 242); *Willing v. Lake Orion Cmty. Sch. Bd. of Trs.*, 924 F. Supp. 815, 818 (E.D. Mich. 1996) (§ 241 does not give rise to a private cause of action); *John's Insulation, Inc. v. Siska Const. Co.*, 774 F. Supp. 156, 163 (S.D.N.Y. 1991) (§ 245 confers no private right of action); *Christian*

*Populist Party of Ark. v. Sec'y of State*, 650 F. Supp. 1205, 1214 (E.D. Ark. 1987) (same). Consequently, plaintiffs cannot rely upon these sections in maintaining their civil cause of action. And to the extent that plaintiffs are attempting to initiate a criminal prosecution against the defendants, their claim fails, since private citizens do not have the right to compel the enforcement of criminal law. *See Diamond v. Charles*, 476 U.S. 54, 64-65 (1986).

Plaintiffs next claim that defendants' failure to provide an interpreter violated Title VI of the Civil Rights Act of 1964, 42 U.S.C. § 2000d, *et seq*. Title VI permits a private cause of action, *Alexander v. Sandoval*, 532 U.S. 275, 279-80 (2001), but does not apply in this case because it only prohibits discrimination by "program[s] or activit[ies] receiving Federal financial assistance." 42 U.S.C. § 2000d. Plaintiffs indicate that police and sheriff's departments often receive federal funding (doc. 28 at 5), but they do not explicitly allege that the SPD receives such funds. (*Id.*) Consequently, even if the SPD is a proper defendant, plaintiffs have not stated a cognizable claim for relief under Title VI. Moreover, to maintain an individual capacity suit against

Detective Briley and Officer Gawthrop under Title VI, plaintiffs must show that those defendants directly received federal funding and are subject to the rule. *See Powers v. CSX Transp., Inc.*, 105 F. Supp. 2d 1295, 1310-11 (S.D. Ala. 2000) (holding that Title VI actions may only be brought against the direct recipient of federal funding, not non-recipient individuals). Plaintiffs have made no such showing.

Plaintiffs' 42 U.S.C. § 1985(3) claim is similarly meritless. To support a § 1985 claim plaintiffs must allege facts showing: (1) a conspiracy; (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; (3) an act in furtherance of the conspiracy; and (4) that a person is either injured in his person or property or deprived of any right or privilege of a citizen of the United States. *Denney v. City of Albany*, 247 F.3d 1172, 1190 (11th Cir. 2001); *Johnson v. City of Fort Lauderdale*, 126 F.3d 1372, 1379 (11th Cir. 1997). To show a conspiracy, plaintiffs must allege facts showing that the defendants actually agreed to inflict a wrong against them. *See Lenard v. Argento*, 699 F.2d 874, 882 (7th Cir. 1983). Plaintiffs detail several

activities undertaken by the policemen that could be interpreted as constitutional violations,[4] but they do not allege any facts showing that the officers agreed to violate the their rights to equal protection or of equal privileges and immunities. Accordingly, their conspiracy count should be dismissed:

> The core of a conspiracy claim is an agreement between the parties; thus, where the plaintiff fails to allege an agreement, the pleading is deficient and subject to dismissal. *Bailey v. Board of County Com'rs of Alachua County, Fla.*, 956 F.2d 1112, 1122 (11th Cir.1992). Furthermore, where a plaintiff merely alleges "conclusory, vague, and general allegations of conspiracy," dismissal of the conspiracy claim may be proper. *Kearson v. Southern Bell Telephone & Telephone Co.*, 763 F.2d 405, 407 (11th Cir.1985).[5]

---

[4] For instance, plaintiffs state that

> defendants committed conspiracy under color of law by means of: ignoring the eyewitness Plaintiff Tetyana Chelyshkova (18 years and 11 months)'s statement that what happened is an accident; giving false impression that Plaintiff Tetyana Chelyshkova is a liar; interpreting voluntarily gestures of another plaintiff who barely spoke and understood English; witnessing falsely that one of the plaintiffs read and understood a police form given to sign, suggestion to sign the Miranda Warning after questioning, provoking another plaintiff to sign a false statement, making a photograph without permission, and refusing to recognize written description of accident by the witnesses.

(Doc. 28 at 5.)

[5] Plaintiffs are proceeding pro se, and pro se pleadings are held "to a less stringent standard than pleadings drafted by an attorney." *Hall v. Sec'y for Dep't of Corr.*, 2008 WL 5377741 at * 1 (11th Cir. Dec. 24, 2008) (unpublished) (citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). However, a "plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a

*Mickens v. Tenth Judicial Cir.*, 181 F. App'x 865, 876 (11th Cir. 2006); *see Hadley v. Gutierrez*, 526 F.3d 1324, 1332-33 (11th Cir. 2008) (dismissing § 1983 conspiracy claim at summary judgment where plaintiff "offered no evidence from which we can discern an agreement between Defendants to cover up the use of excessive force"); *Strength v. Hubert*, 854 F.2d 421, 425 (11th Cir. 1988) ("To establish a prima facie claim of conspiracy to violate rights protected by § 1983, a plaintiff must demonstrate that the defendants 'reached an understanding to violate his rights.'") *overruled on other grounds by Whiting v. Traylor*, 85 F.3d 581, 584 n.4 (11th Cir. 1996); *Phillips v. Mashburn*, 746 F.2d 782, 785

---

formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1964-65 (2007) (quotations omitted). And "the plaintiff's factual allegations, when assumed to be true, 'must be enough to raise a right to relief above the speculative level.'" *United Techs. Corp. v. Mazer*, 556 3d 1260, 1270 (11th Cir. 2009) (quoting *Twombly*, 127 S.Ct. at 1964-65). Thus, while specific facts are not necessary under the notice pleading standard, *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007), a plaintiff must allege a non-conclusory claim showing that he is entitled to relief. *Rogers v. Nacchio*, 241 F. App'x 602, 607 (11th Cir. 2007); *Lambert v. United States*, 98 F. App'x 835, 839 (11th Cir. 2006) (inmate's conclusory allegations were insufficient to establish a medical malpractice claim). The Court cannot simply "fill in the blanks" to infer a claim. *See Bivens v. Roberts*, 2009 WL 411527 at * 3 (S.D.Ga. Feb. 18, 2009) (unpublished) ("judges must not raise issues and arguments on plaintiffs' behalf, but may only construe pleadings liberally given the linguistic imprecision that untrained legal minds sometimes employ") (citing *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008)). Here, plaintiffs' conclusory allegation that defendants conspired against them is insufficient to state a claim for relief under § 1985(3).

(11th Cir. 1984) (under § 1983, plaintiffs must provide facts showing elements of conspiracy).[6]

Plaintiffs also allege that they have been denied equal protection of the laws. (Docs. 23 & 28.) Presumably, they are asserting the claim through 42 U.S.C. § 1983. As noted by defendants, plaintiffs have not explicitly alleged that the criminal prosecution or denial of an interpreter were motivated by discriminatory reasons. *See United States v. Smith*, 231 F.3d 800, 808 (11th Cir. 2000) (equal protection in selective prosecution context). In plaintiffs' reply brief, they acknowledge defendants' assertion but still offer no showing of discriminatory motivation:

> 3. "Plaintiffs have failed to allege that Defendants were acting for the specific purpose of discriminating against them."

---

[6] Moreover, although defendants do not raise it, this claim appears to be time-barred. Section 1985 suits arising in Georgia must be filed within two years of the accrual of the cause of action. *Miller v. Georgia*, 223 F. App'x 842, 845 (11th Cir. 2007). Here, the action accrued on September 12, 2003 (doc. 1 at 2), but suit was not filed until September 10, 2008, nearly five years later. (Doc. 1.) Nor, for that matter, was this specific claim even raised until March 20, 2009, when plaintiffs responded to defendants' motion to dismiss. (Doc. 23.) Moreover, any 42 § 1983 claims (i.e., false arrest or malicious prosecution) would similarly be time barred. *Mullinax v. McElhenney*, 817 F.2d 711, 715-16 n.2 (11th Cir. 1987); *Williams v. City of Atlanta*, 794 F.2d 624, 626 (11th Cir. 1986) ("the proper limitations period for all section 1983 claims in Georgia is the two-year period set forth in O.C.G.A. § 9-3-33 for personal injuries.").

9

> Comment: Help of an interpreter was critical for plaintiffs, and it was defendants' responsibility to provide them with one. However, defendants made no attempts to follow law enforcement operations rules. Thus, the defendants were able to fabricate criminalized investigative summary."

(Doc. 28 at 4.) Plaintiffs' assertion that defendants made no attempt to follow the applicable "operations rules" simply does not indicate that they did so for any improper purpose. The civil rights statutes, it must be remembered, address intentional discriminatory conduct, not negligent conduct. More importantly, plaintiffs have failed to show that the defendants treated similarly situated individuals of a different national origin differently (a prime indicator, and thus circumstantial evidence of, intentional discrimination). They point to "detainees that were promptly provided with an interpreter," but that classification is too broad since it incorporates all detainees, even those of defendants' own national origin. (*Id.*) Plaintiffs also assert that they were treated differently from immigrants from English speaking countries. (*Id.*) Again, the classification is faulty, since English speaking immigrants

presumably would not need the services of an interpreter.[7] Accordingly, their equal protection claim fails.

In conclusion, plaintiffs' motion to amend (doc. 23) is **DENIED**. And since all of plaintiffs' claims are without merit, defendants' motion to dismiss (doc. 13) should be **GRANTED**, thus requiring this case to be **DISMISSED WITH PREJUDICE**.[8]

**SO REPORTED AND RECOMMENDED** this 14th day of May, 2009.

/s/ **G.R. SMITH**
**UNITED STATES MAGISTRATE JUDGE**
**SOUTHERN DISTRICT OF GEORGIA**

---

[7] Additionally, this claim is likely time-barred. *See* note 3 *supra*.

[8] Plaintiffs move the Court for "equitable tolling," to "postpone judgment," and for a Clerk's extension to file their response to defendants' motion to dismiss (Docs. 2, 7, 16). All are **DENIED** as moot. Defendants did not contest the timeliness of plaintiffs' claims, so this moots their equitable tolling motion. And the "postpone judgment" motion simply sought an extension of time within which to complete service; that motion was mooted by the timely perfection of service. Finally, plaintiffs' extension motion was mooted by an Order (doc. 21) granting a parallel motion for extension of time.